UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**ROSALIA CERVA,**                                                          Docket No.:
                                                                                                    08-CV-5010 (NGG) (CLP)
                              **Plaintiff,**

      -against-                                                        **Final Pre-Trial Order**

**AHMED G. HAFEZ and GEMAL M. HAFEZ,**

                             **Defendants.**
------------------------------------------------------------------------X

      Plaintiff, ROSALIA CERVA, by her attorneys, FISHER FALLON, P.C., Trial Counsel to the LAW OFFICES OF GARY E. HANNA, and defendants, AHMED G. HAFEZ and GEMAL M. HAFEZ, make the following Pre-Trial Disclosures pursuant to F.R.C.P. 26(a)(3):

    1.     **FULL CAPTION OF THE ACTION:** See above caption.

    2.     **TRIAL COUNSEL:**

            **EDWARD P. KELLY, ESQ.**
            **FISHER FALLON, P.C.**
            Trial Counsel to the
            Law Offices of Gary E. Hanna
            Attorneys for Plaintiff
            ROSALIA CERVA
            8212 Third Avenue
            Brooklyn, New York  11209
            (718) 833-8343
            Fax No.:  (718) 238-8212

            **JOHN W. KONDULIS, ESQ.**
            **JAMES G. BILELLO & ASSOCIATES**
            Attorneys for Defendants
            AHMED G. HAFEZ and
            GEMAL M. HAFEZ
            875 Merrick Avenue
            Westbury, New York  11590
            (516) 229-4300
            Fax No.:  (516) 229-4303

3.     **JURISDICTION:**  The case was filed by plaintiff in the Supreme Court, Kings County.  Defendants removed the case to the United States District Court for the Eastern District of New York.

Jurisdiction is conferred upon this Court pursuant to Title 28 U.S.C. 1332 in that there is diversity of citizenship between the plaintiff and the defendants and the claims in this matter exceed the similar value of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4.     **CLAIMS/DEFENSES:**

**CLAIMS:**  Plaintiff claims that defendant, AHMED G. HAFEZ, was negligent in the operation of said defendant's vehicle, said vehicle owned by defendant, GEMAL M. HAFEZ, with respect to an accident which occurred at approximately 4:40 p.m. on May 27, 2008.

There are no liability issues as defendants are precluded from testifying at Trial and have conceded liability.

Plaintiff claims that, as a result of defendants' negligence, plaintiff sustained the following serious and permanent personal injuries:

- C5-C6 disc herniation
- C6-C7 disc herniation
- cervical derangement
- cervical radiculopathy
- cervical neck sprains/strains
- lumbar derangement
- lumbar radiculopathy
- right shoulder acromioclavicular joint impingement with 5mm rotator cuff tear
- future surgery right shoulder
- tear medial meniscus right knee
- future surgery right knee
- pain and suffering
- loss of enjoyment of life

**DEFENSES:** Defendants contend that the injuries claimed by the plaintiff were not causally related to the accident and/or do not meet the threshold requirements of NYS Insurance Law Section 5104(a) as defined by NYS Insurance Law Section 5102(d). Defendants further contend that they are entitled to an offset for the amounts received by plaintiff from collateral sources as defined by CPLR 4545. The defense of failure to use seat belts no longer needs to be tried.

5. **JURY TRIAL:** This case is to be tried with a Jury and shall consist of a Trial whose duration shall extend approximately two (2) to three (3) days.

6. **MAGISTRATE JUDGE JURISDICTION:** The parties consent to a Trial before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. **STIPULATION OF FACTS:** Defendants, AHMED G. HAFEZ and GEMAL M. HAFEZ, are precluded from testifying at Trial and have conceded liability.

There are no other Stipulations or agreed upon statements of fact or law which have been agreed to by all the parties.

8. **PLAINTIFF'S WITNESSES:**

A. On liability plaintiff intends to call the following witnesses who will testify in accordance with the following summaries: <u>Defendants, AHMED G. HAFEZ and GEMAL M. HAFEZ, are precluded from testifying at Trial and have conceded liability. As such, there will be no liability witnesses</u>.

B. On damages plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

- Plaintiff, Rosalia Cerva
  1028 82nd Street
  Brooklyn, New York  11228

Plaintiff will claim that she was involved in an accident which occurred on May 27, 2008 at approximately 4:40 p.m. when defendant, AHMED G. HAFEZ, negligently and carelessly operated the aforesaid 2003 Ford, owned by defendant, GEMAL M. HAFEZ, on 79th Street at or about its intersection with 18th Avenue in the County of Kings, City and State of New York running through the traffic control device striking the vehicle owned and operated by plaintiff thereby allegedly severely and permanently injuring plaintiff.

Plaintiff will further claim that, as a result of the aforementioned negligence of the defendants, AHMED G. HAFEZ and GEMAL M. HAFEZ, she sustained the following serious and permanent personal injuries:

- C5-C6 disc herniation
- C6-C7 disc herniation
- cervical derangement
- cervical radiculopathy
- cervical neck sprains/strains
- lumbar derangement
- lumbar radiculopathy
- right shoulder acromioclavicular joint impingement with 5mm rotator cuff tear
- future surgery right shoulder
- tear medial meniscus right knee
- future surgery right knee
- pain and suffering
- loss of enjoyment of life

As a result of said injuries, plaintiff received the following medical treatment:

- Fred E. Notarnicola, M.D.
  Anthony Bertelle Medical Center
  7515 13th Avenue
  Brooklyn, New York  11228

- David Capiola, M.D.
  Hamilton Medical Services
  9020 Fifth Avenue
  Brooklyn, New York  11209

- Ludwig Licciardi, M.D.
  Hamilton Medical Service
  9020 5th Avenue
  Brooklyn, New York  11209

Plaintiff lives with constant pain and suffering.  Plaintiff is further compromised in performing her usual daily activities.

- Ludwig Licciardi, M.D.
  Hamilton Medical Service
  9020 5th Avenue
  Brooklyn, New York  11209

- David Capiola, M.D.
  Hamilton Medical Services
  9020 Fifth Avenue
  Brooklyn, New York  11209

Dr. Licciardi and/or Dr. Capiola will testify in relevant part essentially as follows: That plaintiff was injured as a result of an accident which occurred on May 27, 2008 when defendants' vehicle collided with plaintiff's vehicle thereby severely and permanently injuring plaintiff; that, as a result of the accident, plaintiff sustained serious and permanent injuries; that plaintiff sustained serious and permanent injuries such as to constitute an exception to Insurance Law Section 5102; that the May 27, 2008 accident was the competent producing cause of plaintiff's injuries and subsequent treatment of said injuries; and that said accident significantly disabled plaintiff from her usual and customary activities.

Dr. Licciardi and/or Dr. Capiola will testify as to plaintiff's condition and treatment for same based upon the medical records/reports which have been exchanged including, but not limited to, Dr. Licciardi's and Dr. Capiola's office records/medical reports previously exchanged with defendants by plaintiff's correspondence, dated November 11, 2008, February 5, 2009, and February 6, 2009, as well as the records of plaintiff's other treating physicians and health care providers.

Dr. Licciardi and/or Dr. Capiola will further testify in accordance with plaintiff's Expert Witness Disclosure as well as any Supplemental Expert Witness Disclosure subsequently served in this action.

Dr. Licciardi and/or Dr. Capiola will further testify as to their findings, treatment and prognosis.

Dr. Licciardi and/or Dr. Capiola will testify as to causality and disability, including pain and suffering and permanency of plaintiff's injuries, as well as the impairment of said injuries upon the quality of plaintiff's life.

Dr. Licciardi's and/or Dr. Capiola's testimony will be based upon their knowledge and skill as licensed Board Certified treating physicians.  Dr. Licciardi's and/or Dr. Capiola's testimony will further be based upon their experience and training; their treatment of the plaintiff; and their review of plaintiff's hospital and/or medical records.

Dr. Licciardi and/or Dr. Capiola will, in connection with their testimony, be requested to provide opinion testimony including, but not limited to, plaintiff's condition and prognosis.

**DEFENDANTS' WITNESSES:**

A. On liability defendants intend to call the following witnesses who will testify in accordance with the following summaries:  <u>None.  Pursuant to the Court's February 1, 2010 Order, defendants are precluded from testifying at Trial and have conceded liability</u>.

B. On damages defendants intend to call the following witnesses who will testify in accordance with the following summaries:

- Alan J. Zimmerman, M.D.
  17 Eden Road
  Lido Beach, New York  11561

- Sheldon Feit, M.D.
  Metropolitan Diagnostic Imaging
  601 Franklin Avenue
  Garden City, New York  11530

9. **PLAINTIFF'S DEPOSITIONS:**

A. On liability plaintiff intends to read into evidence the following:  None. Pursuant to the Court's February 1, 2010 Order, defendants are precluded from testifying at Trial and have conceded liability.

B. On damages plaintiff intends to read into evidence the following:  None contemplated at this time.  To be supplied if applicable.

**DEFENDANTS' DEPOSITIONS:**

A. On liability defendants intend to read into evidence the following:  None. Defendants failed to testify and are precluded as to liability in accordance with the Court's February 1, 2010 Order.

B. On damages defendants intend to read into evidence the following:  None. Defendants failed to testify.

C. Defendants intend to read into evidence the following portions of plaintiff's deposition:

- Page 25, Lines 4 to 8
- Page 28, Lines 6 to 10
- Page 28, Lines 11 to 17
- Page 33, Line 18 to Page 34, Line 15
- Page 42, Lines 3 to 17
- Page 43, Line 15 to Page 44, Line 5
- Page 45, Line 19 to Page 48, Line 2
- Page 48, Lines 12 to 25

10. **PLAINTIFF'S EXHIBITS:**  Plaintiff intends to introduce into evidence the following Exhibits:

A. Police Accident Report (**Exhibit "A"**).

**JOINT EXHIBITS:** The parties jointly agree to introduce into evidence as Exhibits the following MRI films from Hamilton Medical Services:

    A.    Right shoulder MRI films (**Exhibit "B"**).

    B.    Cervical MRI films (**Exhibit "C"**).

    C.    Right knee MRI films (**Exhibit "D"**).

**DEFENDANTS' EXHIBITS:** Defendants intend to introduce into evidence the following Exhibits: <u>See above Joint Exhibits</u>.

Dated: New York, New York
       February 12, 2010

Yours, etc.,

**FISHER FALLON, P.C.**
Trial Counsel to the
Law Offices of Gary E. Hanna
Attorneys for Plaintiff
ROSALIA CERVA
8212 Third Avenue
Brooklyn, New York  11209
(718) 833-8343

By:  /s/ Edward P. Kelly
      Edward P. Kelly, Esq. (EPK 4213)

**JAMES G. BILELLO & ASSOCIATES**
Attorneys for Defendants
AHMED G. HAFEZ and
GEMAL M. HAFEZ
875 Merrick Avenue
Westbury, New York  11590
(516) 229-4312

By:  /s/ John W. Kondulis
      John W. Kondulis, Esq. (JK 4978)